UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS COLEMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>S. BOYLE, et al.,<br><br>    Defendants.<br>_____/ | No. C 12-2339 YGR (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court, after having reviewed the complaint pursuant to 28 U.S.C. § 1915(A), DISMISSES the complaint with leave to file an amended complaint. **Plaintiff shall file an amended complaint addressing the deficiencies detailed below on or before January 20, 2013.**

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that defendants, employees of the Contra Costa County Sheriff's Department, (1) impermissibly denied him access to a home detention program though he had been admitted to such program as part of his sentence, and (2) "practice many civil rights violations" at the place of his current detention. The first claim relates to the execution of his sentence, and therefore must be brought as a habeas corpus action. Accordingly, the first claim is DISMISSED without prejudice to plaintiff refiling it by way of a habeas petition.

The second claim does not contain sufficient factual matter to state a claim for relief. Plaintiff must provide more specific details, such as which defendant denied his rights, the specific rights that were allegedly violated, on what date, etc. For example, it is not sufficient to say that he was not allowed to call his attorney. Plaintiff must allege the name

of the defendant, on what date this occurred, why he was calling his attorney, and how defendant's action violated a specific constitutional right, etc. **Plaintiff is given leave to file an amended complaint including these specific details on or before January 31, 2013.**

The first amended complaint must include the caption and civil case number used in this order (12-2339 YGR (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: January 10, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**