IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS COLEMAN, | No. C 12-2339 YGR (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITHOUT PREJUDICE** |
| vs. | |
| S. BOYLE, et al., | |
| Defendants. | |

Plaintiff Demetrius Coleman, filed the present *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations. He has been granted leave to proceed *in forma pauperis*.

The Court conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915A(a). Plaintiff asserted that he was subjected to violations of his constitutional rights at the Contra Costa County Jail. Plaintiff alleged that Defendants, all employees of the Contra Costa County Sheriff's Department: "(1) impermissibly denied him access to a home detention program [called Electronic Home Detention ("EHD")] though he had been admitted to such program as part of his sentence, and (2) 'practice[d] many civil rights violations' at the place of his current detention." (Jan. 10, 2013 Order at 1.) The Court determined that the first claim related to the execution of his sentence, and dismissed it without prejudice to Plaintiff refiling it by way of a habeas petition. The Court then determined that the second claim did not contain "sufficient factual matter to state a claim for relief." *Id.* The Court further instructed Plaintiff as follows:

> Plaintiff must provide more specific details, such as which defendant denied his rights, the specific rights that were allegedly violated, on what date, etc. For example, it is not sufficient to say that he was not allowed to call his attorney. Plaintiff must allege the name of the defendant, on what date this occurred, why he was calling his attorney, and how defendant's action violated a specific constitutional right, etc.

*Id.* at 2-3. Therefore, the Court dismissed the complaint with leave to amend to cure the pleading deficiencies, or to suffer dismissal of the action.

Plaintiff subsequently filed an amended complaint. Instead of amending his complaint as directed, Plaintiff merely states:

> As this time, the Plaintiff would like to submit documents in support of Plaintiff['s] legal claims: (1) that jail and its administrators denied Plaintiff to attend the EHD Program although he had been allowed such program; (2) Plaintiff was denied the right to use the telephone to contact his attorney; and (3) Plaintiff has been denied bu not limited to legal materials and pro per status has been removed.

Am. Compl. at 3. Plaintiff's attached documents include: (1) felony order of probation; (2) Superior Court Order denying habeas relief relating to the EHD Program issue; (3) December 27, 2012 Letter from Custody Administrative Services indicating that his Pro Per status was removed; (4) January 24, 2012 Letter from County Parole Specialist Boyle relating to his EHD issue; and (5) a jail grievance form dated January 13, 2013 "appealing Specialist Boyle['s] decision . . . ." *Id.* at 10. The Court finds that Plaintiff has failed to correct the aforementioned deficiencies of his complaint. He has also failed to name the individually responsible Defendants and to link them specifically to his claims.

The Court has reviewed Plaintiff's amended complaint and finds that it does not cure the pleading deficiencies identified in the Court's Order dismissing the original complaint with leave to amend. Accordingly, Plaintiff's claims are DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

IT IS SO ORDERED.

DATED:   April 16, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**